IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER MARTIN ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-03186-M |
| | § | |
| SILVERLEAF RESORTS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Rule 12(c) Motion for Judgment on the Pleadings [ECF No. 25] filed by Defendant Silverleaf Resorts, Inc. in this *pro se* civil action brought by Plaintiff Lester Martin Zavala under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, *et seq*. For the reasons stated, the District Court should GRANT Defendant's Motion and DISMISS Plaintiff's claim with prejudice.

## Background

On November 15, 2016, Plaintiff filed a one-page Complaint alleging that he was wrongfully terminated on July 9, 2013, while he was on FMLA leave. Compl. [ECF No. 3]. In other documents filed with the Court, Plaintiff elaborates that he was a sales manager for Defendant in 2013 when he suffered a stroke on the sales floor. Pl.'s Br. Opp'n 1 [ECF No. 31]. At Plaintiff's request, Defendant placed Plaintiff on FMLA leave from April 24, 2013 to June 24, 2013. *Id.*

Plaintiff's doctor allegedly deemed him unfit to return to work. *Id.* Although the parties attempted to communicate regarding Plaintiff's condition and his intent to return to work, Defendant allegedly sent its correspondence to the wrong address. *Id.* Defendant eventually terminated Plaintiff on July 9, 2013. *Id.* Plaintiff asserts that based on conversations he had with the court, he believed that he needed to obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit. *Id.* 2. Accordingly, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission, Civil Rights Division, and the EEOC, on April 30, 2014. *Id.* Plaintiff received a Notice of Right to Sue from the EEOC on November 8, 2016, and on November 15, 2016, Plaintiff filed this lawsuit against Defendant. *Id.* Defendant filed an Answer and, later, a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) arguing that Plaintiff's claim should be dismissed because it is barred by limitations under 29 U.S.C. § 2617(c). Answer [ECF No. 22]; Def.'s Mot. 3. The issues have been fully briefed, and the Motion is ripe for determination.

## Legal Standards and Analysis

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990) (citation omitted). "The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion

to dismiss under Rule 12(b)(6)." *Johnson-Williams v. CitiMortgage, Inc.*, 2018 WL 1156100, at *6 (N.D. Tex. Jan. 31, 2018) (citing *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007), *report and recommendation adopted*, 2018 WL 1122230 (N.D. Tex. Feb. 28, 2018), *aff'd*, 2018 WL 4523159 (5th Cir. Sept. 20, 2018); *see also Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011); *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

To obtain dismissal on a Rule 12(c) motion based on an affirmative defense, such as limitations, the "'successful affirmative defense [must] appear [ ] clearly on the face of the pleadings.'" *Clemmer v. Irving Indep. Sch. Dist.,* 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) (quoting *Cochran v. Astrue,* 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.)). In other words, the defendant is entitled to dismissal under Rule 12(c) when "the plaintiff has pleaded [him]self out of court by admitting to all of the elements of the defense." *Id.* (internal quotation marks and citation omitted).

<u>Statute of Limitations</u>

Plaintiff's FMLA claim is time-barred. Under 29 U.S.C. § 2617(c)(1), an action may be brought under the FMLA "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." If the alleged violation is willful, "such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." *Id.* § 2617(c)(2). In this case, Plaintiff alleges that Defendant terminated his employment on July 9, 2013. Compl. This is the date of the last

3

event constituting the alleged violation of his FMLA rights. However, Plaintiff did not file suit until November 15, 2016, more than two years after the alleged violation. Even if Plaintiff had alleged that Defendant willfully violated the FMLA—which he did not—his claim still would be time-barred, since he filed it more than three years after the alleged violation. Defendant's Motion for Judgment on the Pleadings should be granted because Plaintiff has alleged facts that admit all of the elements of the defense of limitations.

<u>Tolling to Exhaust Administrative Remedies</u>

In his response to Defendant's Motion, Plaintiff asserts that he filed a Charge of Discrimination with the Texas Workforce Commission, Civil Rights Division, and the EEOC on April 30, 2014, and that he did not receive a Notice of Right to Sue from the EEOC until November 8, 2016. Plaintiff filed this lawsuit against Defendant on November 15, 2016. To the extent Plaintiff contends this conduct tolled the limitations period, his argument fails. Plaintiff's EEOC filing did not toll the statute of limitations for his FMLA claim because the FMLA does not require plaintiffs to exhaust their administrative remedies prior to filing a lawsuit. Unlike the requirements for bringing a claim under the Americans with Disabilities Act ("ADA") or Title VII of the Civil Rights Act of 1964 ("Title VII"), a plaintiff is not required to file an EEOC charge to pursue an FMLA claim. *McClain v. Lufkin Indus.*, Inc., 519 F.3d 264, 273 (5th Cir. 2008) ("Title VII requires employees to exhaust their administrative remedies before seeking judicial relief.") (citation omitted); *Dao v. Auchan Hypermarket*, 96 F.3d 787,

4

789 (5th Cir. 1996) ("[T]he ADA incorporates by reference the procedures applicable to actions under Title VII . . . "); *Cookston v. Freeman, Inc.*, 1999 WL 714760, at *4 n.7 (N.D. Tex. Sept. 14, 1999) (Fitzwater, J.) (citations omitted) ("The court notes that an EEOC charge need not be filed in an FMLA action."); *Wilson v. Dall. Indep. Sch. Dist.,* 1998 WL 47635, at *5 (N.D. Tex. Jan. 30, 1998) (Boyle, J.) (concluding that courts have not required plaintiffs to exhaust their administrative remedies before pursuing FMLA claims).

Further, the Supreme Court held that filing a charge with the EEOC does not toll the statute of limitations for claims not required to be brought before the EEOC. *See Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 466 (1975). In *Johnson*, the Court reasoned that filing a Title VII claim with the EEOC did not toll the statute of limitations for a claim under 42 U.S.C. § 1981 based on the same facts, because § 1981 and Title VII represent two separate remedies that must be preserved independently, and § 1981 claims do not require filing with the EEOC. *Id.*; *see also Taylor v. Bunge Corp.*, 775 F.2d 617, 618–19 (5th Cir. 1985) (citing *Johnson*, 421 U.S. at 465-66) ("The filing and processing of charges with the EEOC under Title VII does not toll the running of the state prescriptive period governing section 1981 claims."). Like a § 1981 claim, an FMLA claim is a remedy independent of Title VII and the ADA. While courts in this district have not directly addressed whether an EEOC filing tolls the limitations period for an FMLA claim specifically, other district courts, also holding that an FMLA claim does not require exhaustion of administrative remedies, have determined that

first pursuing a claim before the EEOC does not toll the statute of limitations for an FMLA claim. *Ndzerre v. Washington Metro. Area Transit Auth.*, 174 F. Supp. 3d 58, 63 (D.D.C. 2016) (citations omitted); *Redman v. N.Y. State Dep't of Corr. Servs.*, 2011 WL 5119574, at *3 (S.D.N.Y. Oct. 12, 2011) (citing *Ramirez v. New York City Bd. of Educ.,* 481 F. Supp. 2d 209, 223 (E.D.N.Y. 2007)) ("The fact that plaintiff filed a grievance with the EEOC does not toll the statute of limitations applicable to her FMLA claim because the EEOC has no enforcement authority with respect to the FMLA and the statute contains no exhaustion provision."); *Fulghen v. Potter*, 2010 WL 4865818, at *3 (E.D. Mich. Nov. 16, 2010) (citing *Duckett v. Tennessee,* 2010 U.S. Dist. LEXIS 98519, at *7 (M.D. Tenn. Sep. 20, 2010); *Shannon v. City of Phila.*, 1999 U.S. Dist. LEXIS 2428, at *12 (E.D. Pa. Mar. 5, 1999)) ("District courts have held that because a plaintiff need not exhaust administrative remedies before bringing an FMLA action, the filing of a discrimination charge with the EEOC does not toll the FMLA statute of limitations."); *see Henson v. Bell Helicopter Textron, Inc.*, 2004 WL 238063, at *5, *9 (N.D. Tex. Feb. 6, 2004), *aff'd*, 128 F. App'x 387 (5th Cir. 2005) (holding that Plaintiff's FMLA claim was untimely, and while not raised to rescue his FMLA claim, Plaintiff did timely file a charge with the EEOC).

Plaintiff contends that his claim is untimely because he waited to obtain a Notice of Right to Sue from the EEOC as required under Title VII and the ADA. Plaintiff's Complaint, however, only asserts a claim under the FMLA. Because a plaintiff need not first file a charge with the EEOC before bringing an FMLA

6

claim, Plaintiff's EEOC filing did not toll the statute of limitations for his FMLA claim.

Equitable Tolling

Last, the statute of limitations with respect to Plaintiff's FMLA claim is not equitably tolled. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Bingham v. Jefferson Cty.*, 2011 WL 13089001, at *3 (E.D. Tex. Aug. 12, 2011) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Fifth Circuit instructed that "equitable tolling is to be applied 'sparingly[,]'" and gave three bases for equitable tolling, though it acknowledged that the list was not exhaustive. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002)). These bases include "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Id.* (citing *Wilson v. Sec'y, Dep't of Veterans Affairs,* 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)); *see also Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 209 (5th Cir. 2015). Plaintiff bears the burden of providing justification for equitable tolling. *Id.* In this case, Plaintiff has not shown that any of the enumerated bases apply to equitably toll the statute of limitations. Plaintiff does not allege that he was unaware of the facts giving rise to

7

his claim because Defendant intentionally concealed relevant facts or that the EEOC misled him about the nature of his rights; nor is there any allegation or other evidence before the Court that Plaintiff and Defendant were litigating Plaintiff's claim in an improper forum. To the extent Plaintiff's response could be interpreted to suggest that the Court misled him into believing he had to obtain a right to sue letter before he filed his Complaint, the Fifth Circuit has not recognized Court action as a basis for equitable tolling. *See Garcia*, 631 F. App'x at 209 (listing the three bases for equitable tolling recognized by the Fifth Circuit). Accordingly, the statute of limitations for Plaintiff's FMLA claim is not equitably tolled, and Defendant's Motion should be granted.

## Recommendation

For the reasons stated, the District Court should GRANT Defendant's Motion for Judgment on the Pleadings [ECF No. 25] and DISMISS Plaintiff's claim with prejudice.

**SO RECOMMENDED.**

November 2, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).